UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF ILLINOIS

VERNON HENRY, MOVANT     V. UNITED STATES OF AMERICA, RESPONDENT

CASE NO: 03-4024-JPG

FILED
JUN -6 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C.A 2255

MOVANT, VERNON HENRY, moves pursuant to 28 U.S.C.A. 2255 for an order vacating, setting aside, or correcting the Judgement of Conviction and Sentence rendered in criminal action referenced above, and re-sentencing me accordingly; or granting me a new trial; and granting such other relief as the Law and the facts may warrant, all on the grounds set below.

I. History of the Case

I was sentenced on FEBRUARY 7, 2002 after pleading guilty to 21 U.S.C. 841(a)(1) and 846, Conspiracy to distribute and Possession with intent to distribute Cocaine base.
That was the sole count of a Superceding Indictment.
Under conditions of my Plea Agreement I was not allowed to file a direct appeal and I have not filed any previous petition, application or motion regarding the Judgement of Conviction in any Federal Court.
I was sentenced to 135 months and 5 (Five) years supervised release.

## II. Statement of Facts

1. On May 16, 2001 I was seized, detained, threatened repeatly, and interrogated for several hours without Probable Cause or warrant for Arrest. After being threatened with arrest for an alleged drug delivery from 1999 I made a statement that was used to link me to a drug conspiracy. I was arrested on June 8, 2001 for the alleged drug delivery from 1999, which was dismissed after I had pled guilty to the current federal drug conspiracy charge.

2. The total weight of drugs brought from the conspiracy by informants for the Southern Ill. Drug Task that were lab tested and weighted by the Ill. Drug/Crime Lab in Carbondal, IL. was 0.23 grams. The other tests for the remaining amounts of drugs that were purchased from the conspiracy by informants for the Drug Task Force were unavailable for some reason or another.

3. The final drug amount that was attributed to me as relevant conduct was 1,012.56 grams, the entire drug amount of the conspiracy.

## III. Arguments

28 U.S.C.A 2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in violation of the Constitution or laws of the United States, if the Court was without jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by law, or if the sentence is otherwise subject to collateral attack.

The statute provides that if the Court finds for the prisoner, it may resentence him or her or set the conviction aside, as is appropriate.

III. Arguments  I was denied Effective Assistance of Counsel.

A.

My Counsel, Mr. James Stern rendered ineffective Assistance by failing to contest whether there was probable cause for me to be seized, detained, threatened, and interrogated for hours without an arrest warrant. On Counsel's advice, I waived the pre-trial hearing because as he had said, "They are a waste of time".

On May 16, 2001 at about 9:00 am. I was forced inside the car of S.F.O. Bobby Simmons and Dee Harris of the Southern Illinois Drug Task Force and taken to the Pulaski County Courthouse/Sheriff Department.

Sheriff Rusty Dakin was also present.

I was repeatly denied the right to leave, denied Legal Counsel, threatened repeatly, and not once read my rights.

After several hours of being away from work, I was the only employee there during the day, and being threatened with arrest, I reluctantly made a statement that was altered.

It was held that (1) the police violated the Fouth and Fourtenth Amendments of the U.S. Constitution when without Probable Cause to arrest, they took the individual into custody, transported him to the Police Station, and detained him there for interrogation; the detention for custodial interrogation intruding so severly on interests protected by the Fourth Amendment as to trigger the traditional safeguards against Illegal Arrest, and (2) the incriminating evidence given to the police during the Illegal detention was not admissible at the individual's criminal trial, since under appropriate Fourth Amendment analysis, which takes into account as Factors the Temporal Proximity of an Illegal Arrest and Confession, the presence of intervening circumstances, and the purpose of flagrance of the official misconduct, no intervening event broke the connection between the individuals' detention and incriminating statements, the giving of Miranda warnings not rendering such connection sufficiently attenuated to permit use of the incriminating evidence at trial. Dunaway v. New York 60 L.Ed.2d 824 1979

III. Arguments

B. Conviction obtained by use of Coerced, Altered Confession.

On May 16, 2001, a day after the initial raid by the Drug Task Force, while the Drug Task Force were still looking for Codefendant DuJuane L. Jones, S.F.O. Bobby Simmons and Dee Harris were riding around that morning and saw me. They forced me into their car and took me to the Pulaski County Courthouse/Sheriff Department.
According to their own statements, S.F.O. Bobby Simmons and Dee Harris stated that they picked-me-up (seized me) for questioning about my involvement in drug distribution in the area.
Prior to being seized, detained, and threatened repeatly there is no evidence that show that I was involved in drug distribution.
During interrogation and in their statements, Simmons and Harris said that they were going to arrest me for an alleged drug delivery from me through an informant from 1999 if I didn't cooperate with them about my Codefendants.
My Counsel failed to make the Gov. prove by a preponderance of the evidence that I waived my miranda rights. To prove a valid waiver, the Gov. must show that (1) the waiver was voluntary, that is, it represented an "uncoerced choice", and (2) the defendant understood both the nature of the rights being waived and consequences of the waiver.
Georgetown Law Journal Vol. 89 May 2001

The Supreme Court held that Confessions, to be admissible, cannot be extracted by threats nor induced "by any direct or implied Promise, however slight." Either method of obtaining a Confession renders the accused Statement involuntary and hence excludable.
Bram 18 S.ct. 183   42 L. Ed. 568 (1867)

## III. Arguments

### C. Counsel failed to contest Relevant Conduct.

The Gov. alleged that I had a daily role in distributing drugs for the Conspiracy and for that I was given the entire drug amount of the Conspiracy. The Gov. also alleges that I was a "runner" for the Conspiracy, that is, that I took drug buyers to my codefendants to buy drugs. If you look at the evidence, it shows that my codefendants were selling drugs to drug buyers and informants themselves.

During the 5 (Five) months of investigating the Conspiracy I was not involved in any of the over 30 drug buys by informants (several informants) nor was my name even mentioned.

U.S.S.G 1.B.1.3 of the Federal Sentencing Guidelines States: because a count may be worded broadly and include the conduct of many participants over a period(s) of time, the scope of the criminal activity jointly undertaken by the defendant ("The Jointly undertaken Criminal Activity") is necessarily the same as the scope of the entire conspiracy, and hence relevant Conduct is not necessary the same for every participant. In order to determine the defendants accountability for the Conduct of others under Subsection(a)(1)(B), the Court must first determine the scope of the Criminal activity that Particular defendant agreed to Jointly undertake (i.e. the scope of the specific Conduct and Objectives embraced by the defendants Agreement).

## III. Arguments

### D. Counsel failed to contest Drug amount.

Codefendants Bobby Tucker and Monte Gardner stated that Monte Gardner had to purchase drugs for Bobby Tucker because nobody trusted Bobby Tucker enough to sell him drugs directly because it was well known that Bobby Tucker had worked with the Southern Illinois Drug Task Force in the Past and may have still been doing so.
Instead of staying on the side of Caution, the Government and Probation Officer went with the higher drug amount of Bobby Tucker's statement of daily drug purchases instead of Monte Gardner's statement of Maybe twice a week.
Bobby Tucker was going to Kidney dialysis treatment three times a week.
Bobby Tucker was the only person who made a statement of daily drug purchases.

## IV.

Therefore, I respectfully urges this honorable Court to grant me an evidentiary hearing on my Habeas Corpus motion.

Respectfully Submitted,

Vernon Henry