```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE SOUTHERN DISTRICT OF ILLINOIS

 3
    UNITED STATES OF AMERICA,  )
 4                             )
            Plaintiff,         )
 5                             )
    vs.                        )   No. 01-CR-40036
 6                             )
    VERNON HENRY,              )
 7                             )
            Defendant.         )
 8

 9                      REPORT OF PROCEEDINGS

10                         Change of Plea

11

12         BE IT REMEMBERED AND CERTIFIED that heretofore on

13   November 8, 2001, the same being one of the regular judicial

14   days in and for the United States District Court for the

15   Southern District of Illinois, Honorable J. Phil Gilbert

16   presiding, the following proceedings were had in open court

17   in Benton, Illinois, to-wit:

18

19                            APPEARANCES

20   Mr. James Cutchin
     Asst. U.S. Attorney                         For the Plaintiff
21
     Mr. James Stern
22   Appointed Counsel                          For the Defendant

23
                           JANE McCORKLE
24                     Official Court Reporter
                        U.S. District Court
25                      301 W. Main Street
                       Benton, Illinois 62812
```

GOVERNMENT EXHIBIT

```
 1              THE CLERK:  United States of America versus
 2   Vernon Henry, case number 01-40036.  This matter is set for a
 3   change of plea.  Are all the parties ready?
 4              MR. CUTCHIN:  The government is present and ready
 5   through Assistant United States Attorney, Jim Cutchin.
 6              MR. STERN:  James Stern is present on behalf of
 7   Vernon Henry.  We are ready, Your Honor.
 8              THE COURT:  Let the record show that the defendant,
 9   Vernon Henry, is present in court with counsel, Mr. Stern.
10   Mr. Cutchin is present on behalf of the government.  This
11   matter comes before this Court for a change of plea.
12              Mr. Henry, will you and your counsel please
13   approach the podium.  Please raise your right hand to be
14   sworn.
15        (Defendant sworn.)
16              THE COURT:  State your full name for the record.
17              THE DEFENDANT:  Vernon Henry.
18              THE COURT:  Your age?
19              THE DEFENDANT:  Thirty-seven.
20              THE COURT:  Level of education?
21              THE DEFENDANT:  High school and two years of
22   college.
23              THE COURT:  Where did you go to college?
24              THE DEFENDANT:  Shawnee College.
25              THE COURT:  Can you read and understand the English
```

```
 1  language?
 2          THE DEFENDANT:  Yes, Your Honor.
 3          THE COURT:  Have you been provided a copy of the
 4  indictment, that is, the written charges against you, and
 5  have you discussed the charge and the case in general with
 6  your attorney, Mr. Stern?
 7          THE DEFENDANT:  Yes, Your Honor.
 8          THE COURT:  Are you fully satisfied with the
 9  counsel, representation, and advice given to you in this case
10  by Mr. Stern, your attorney?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  You have been charged in Count 1 of the
13  superseding indictment with conspiracy to distribute and
14  possess with intent to distribute 50 grams or more of cocaine
15  base in the form of crack cocaine in violation of federal
16  law.  Do you understand what you're charged with in the
17  superseding indictment?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Do you have any questions with regard
20  to that charge?
21          THE DEFENDANT:  No, sir.
22          THE COURT:  Do you understand that the penalties
23  that can be imposed, the maximum statutory penalty on Count 1
24  that can be imposed, is a term of imprisonment from 10 years
25  to life, a fine of up to $4,000,000, and a term of supervised
```

```
 1  release of up to 5 years.  Do you understand the penalties
 2  that could be imposed upon a plea or a finding of guilty?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  Do you understand that in addition,
 5  there would be a $100 special assessment pursuant to the
 6  sentencing guidelines.  Do you understand that?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  In addition, do you understand that you
 9  are innocent until proven guilty.  You need to be proven
10  guilty beyond a reasonable doubt.  You have a right to a jury
11  trial.  You have a right to confront your accusers.  You have
12  a right to bring witnesses in to testify on your own behalf.
13  You have a right against self-incrimination, meaning you do
14  not need to testify unless you choose to do so.  You have a
15  right to have an attorney with you at each stage of these
16  proceedings, and you are here represented by counsel,
17  Mr. Stern.  Do you understand the rights I've just explained
18  to you?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  It's my understanding you, through your
21  attorney and the government, have entered into a plea
22  agreement regarding this case; is that correct?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  Is this your signature to page 10 of
25  this plea agreement?
```

1        THE DEFENDANT:  Yes, Your Honor.
2        THE COURT:  Did you read and review this document
3   with your attorney before you signed it?
4        THE DEFENDANT:  Yes, sir.
5        THE COURT:  You signed it before today; is that
6   correct?
7        THE DEFENDANT:  Yes, Your Honor.
8        THE COURT:  Mr. Cutchin.
9        MR. CUTCHIN:  The plea agreement is a standard
10  cooperating plea agreement.  Part 1 requires the defendant to
11  provide complete and total cooperation including testifying
12  if called upon to do so.  Part 2 sets forth the defendant
13  will enter a plea of guilty to the single count in the
14  superseding indictment charged against him.  And it does set
15  forth the statutory penalties in writing as the Court just
16  went over with the defendant.
17       Paragraph 2 of part 2 sets forth that after all
18  factors have been considered, the parties believe the
19  defendant will have an Offense Level of 31, Criminal History
20  Category of III, where the sentencing range is 135 to
21  168 months.  And the government does agree to recommend a
22  sentence at the low end of the guideline range.  The Court
23  actually determines what guidelines apply.
24       The guideline calculations are based upon a
25  relevant conduct figure of 500 grams to 1.5 kilogram of crack

```
 1  cocaine which begins with an Offense Level 36.  The parties
 2  do believe the defendant will qualify for a minor participant
 3  role which will decrease the offense level by two levels to
 4  an Offense Level of 34.
 5          The parties believe that the criminal history is
 6  set forth in paragraph 7.  It appears, based on currently
 7  available information, the defendant has five criminal
 8  history points, making his sentencing Criminal History
 9  Category of III.
10          The plea agreement does anticipate that the
11  government will recommend a three-level reduction for
12  acceptance of responsibility, and it does contain a waiver of
13  appeal rights to both direct appeal and collateral attack,
14  and it does contain the possibility of a Rule 35 if Mr. Henry
15  continues to cooperate.
16          THE COURT:  Are those the essential terms of the
17  plea agreement as you understand them?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Have any threats or promises been made
20  to you in an effort to induce you to plead guilty?
21          THE DEFENDANT:  No, sir.
22          THE COURT:  Are you pleading guilty as your own
23  free and voluntary act?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Have you talked about the Federal
```

```
 1  Sentencing Guidelines and how they might apply in your case?
 2          THE DEFENDANT:  Yes.
 3          THE COURT:  Do you understand this Court cannot
 4  determine what guideline applies to your case until it has
 5  received and reviewed a Presentence Investigation Report?
 6  Under some circumstances this Court can impose a sentence
 7  that is greater or lesser than called for by the guidelines.
 8  If my sentence of you is more severe than what you expect,
 9  you will still be bound by your plea of guilty and will have
10  no right to withdraw it.  Do you understand that?
11          THE DEFENDANT:  Yes, Your Honor.
12          THE COURT:  Factual basis.
13          MR. CUTCHIN:  If this case were to proceed to
14  trial, the government would present evidence through the
15  testimony and exhibits and would prove that beginning
16  approximately in the summer of 2000 and continuing until May
17  of this year, the defendant became involved with others,
18  including a defendant in a related case, Keith Acree, as well
19  as co-defendants in this case, Monte Gardner, Duane Jones,
20  Dimarcus Tabb, Bobby Tucker, and Darius Johnson, in the
21  distribution of crack cocaine in Pulaski County, Illinois.
22          The defendant's role in the conspiracy was
23  essentially that of a runner where he would obtain crack
24  cocaine customers and bring them to members of the conspiracy
25  to purchase crack cocaine.  The defendant would in return
```

1  receive a portion of that crack cocaine as payment.
2          He also received crack cocaine from members of the
3  conspiracy for performing other jobs.  Most all of the
4  distributions which occurred in the scope of this conspiracy
5  occurred at locations at 513 and 515 Pearl Street in Mounds
6  City, Illinois.  On May 22nd of this year, the defendant was
7  interviewed by the Cairo Public Housing Drug Task Force.
8  After being advised of his rights, he admitted to being
9  involved as stated in the stipulation of facts.
10         THE COURT:  Is the factual basis essentially
11 correct?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  At this time I am going to ask you how
14 you plead to Count 1 of the superseding indictment charging
15 you with the offense of conspiracy to distribute cocaine base
16 in the form of crack cocaine as alleged therein, guilty or
17 not guilty?
18         THE DEFENDANT:  Guilty.
19         THE COURT:  Have any threats or promises been made
20 to you in an effort to induce you to plead guilty?
21         THE DEFENDANT:  No, Your Honor.
22         THE COURT:  Are you pleading guilty as your own
23 free and voluntary act?
24         THE DEFENDANT:  Yes.
25         THE COURT:  The Court finds that a factual basis

```
 1   exists.  That the defendant has knowingly entered into a plea
 2   of guilty to the indictment, and the Court hereby adjudges
 3   the defendant guilty of that offense.
 4            Sentencing will be set for February 7th at 10:30.
 5   A written Presentence Investigation Report will be prepared
 6   by Probation to assist me in sentencing you.  You will have
 7   an opportunity to give information for that report.  You may
 8   have your attorney with you at that time if you so choose.
 9   Anything further, Mr. Stern?
10            MR. STERN:  No, Your Honor.
11            THE COURT:  Anything further, Mr. Cutchin?
12            MR. CUTCHIN:  No, Your Honor.  Thank you.
13            THE COURT:  That will be all.
14       (End of hearing.)
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    REPORTER'S CERTIFICATE
 2
 3           I, Jane McCorkle, Official Court Reporter for the
 4   United States District Court for the Southern District of
 5   Illinois, do hereby certify that the above and foregoing is a
 6   true and correct transcript of the proceedings of Change of
 7   Plea had in this cause as same appears from my stenotype
 8   notes made personally during the progress of said
 9   proceedings.
10
11
12   DATE:   4/22/05                  /s/ Jane McCorkle
13                                       JANE McCORKLE
```