ORIGINAL

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NOV 0 8 2001

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 01-CR-40036-JPG |
| ) | |
| VERNON HENRY, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of Federal Rules of Criminal Procedure, the attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement that contemplates the entry of a plea of guilty by the Defendant in this cause.

The full and complete Plea Agreement is as follows:

I.

1. Defendant will cooperate fully with the United States. Defendant agrees and acknowledges that his obligation to cooperate requires him to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding. Furthermore, the Defendant understands that this agreement requires him to testify concerning all criminal activity about which he knows, whether or not Defendant was himself involved.

2. Defendant also agrees and acknowledges that his obligation to cooperate requires him, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which he knows. Defendant agrees that any such information he provides law enforcement agencies will be complete and truthful.



3. Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant is involved or about which he knows.

4. Defendant further agrees that his obligation to cooperate includes providing information concerning his knowledge of criminal activity in the Southern District of Illinois, and elsewhere, including but not limited to all federal districts.

5. The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, §1B1.8 [hereinafter "U.S.S.G."], information that the Defendant provides pursuant to his obligation to cooperate fully under the terms of this agreement shall not be used in determining Defendant's applicable guideline range.

6. The United States will inform the Court of the extent of his voluntary cooperation; however, Defendant understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that he will not be allowed to withdraw his plea of guilty, once entered.

7. Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of Defendant's cooperation.

8. In conjunction with the provisions of paragraphs 1, 2, 3, and 4, hereinabove, Defendant specifically agrees and acknowledges that if he does not cooperate fully or does not testify truthfully before the Grand Jury or at any trial in any federal district where he is called by the United States as a witness, then the United States is completely released from any obligation

2

arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw his plea.

9.  Defendant acknowledges that he has been advised and does fully understand the following:

(a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(b) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(c) that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and

(d) that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement; and

(e) that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial.

(f) that if he pleads guilty, he is pleading guilty to a felony <u>punishable</u> by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate <u>federal</u> statute.

3

10. Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between him and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce him to enter into this Plea Agreement and Stipulation of Facts.

11. It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. <u>It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant</u>.

12. Defendant understands that this offense is subject to provisions and guidelines of the "<u>Sentencing Reform Act of 1984</u>," (Ch. II of the Comprehensive Crime Control Act of 1984, Public Law 98-173, 10/12/84), Title 28, United States Code, Section 994(a).

13. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count (for offenses committed after April 24, 1996). Defendant agrees that he will pay the full amount of the special assessment prior to or at the time of sentencing.

14. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. §3583; U.S.S.G. §5D1.1.

15. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such incarceration or community confinement or supervision, pursuant to an

advisory notice from the Administrative Office of the United States Courts dated May 31, 2001, are, for imprisonment: $1,800.11 per month; for community confinement: $1,593.32 per month; and for supervision: $243.98 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

16. The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

17. The Defendant understands and agrees that if he/she commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea.

II.

1. The Defendant will enter a plea of guilty to Count 1 of the Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 or more grams of crack cocaine in violation of Title 21, United States Code, Section 841(a)(1) and 846. The Defendant understands that the substance that he is charged with distributing and conspiring to distribute is "crack cocaine" and that "crack cocaine" is the street name for a form of cocaine

base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate and usually appearing in a lumpy rock-like form and which involves greater penalties than the powder form of cocaine. The Defendant understands that the maximum statutory penalties on Count 1 that can be imposed are a term of imprisonment from 10 years to life, a fine of $4 million, and a term of supervised release of 5 years.

2.  The Defendant and Government agree that it appears that under the Sentencing Guidelines, after all factors have been considered, **Defendant will have an Offense Level of 31 and a Criminal History Category of III where the sentencing range is 135-168 months.** The Government and Defendant agree that these calculations are not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found by the Court, he will not be permitted to withdraw his plea. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range. **The Government agrees to recommend a sentence at the low end of the Guideline range ultimately found by the Court to apply.** The Government specifically reserves the right to argue for, present testimony or otherwise support the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the submitted calculations set forth herein by the Defendant and the Government).

6

3. The Defendant and the Government agree that the total quantity of crack cocaine constituting this **Defendant's relevant conduct is between 500 grams and 1.5 kilograms, thereby creating an initial Guideline Offense Level of 36.** This amount is based upon total amounts of crack cocaine distributed by others in the conspiracy which, according to Defendant's statement to law enforcement officer on May 22, 2001, were forseeable to him.

4. Defendant and the Government further agree that Defendant has not obstructed justice and therefore his Offense Level should not be increased pursuant § 3C1.1.

5. The Government and Defendant agree that **Defendant's offense level should decreased two levels pursuant to § 3B1.2(b) as it appears Defendant was a "minor participant" in this overall criminal conspiracy, thus yielding an Offense Level of 34.**

6. Defendant and the Government agree that no victim-related adjustments apply to this offense (Chap. 3.A).

7. It appears that, based on currently available information, that **the Defendant has amassed five (5) Criminal History points and that, therefore, his Sentencing Guideline Criminal History Category is III.** The Defendant and the Government arrived at this Category as follows based upon information contained in the "Prior Record" section of the Pre-Trial Service Report which Defendant specifically acknowledges may contain references to arrests for which dispositions were not available. **Defendant further acknowledges that he is in the best position to know the extent of his prior criminal record and that any criminal convictions not disclosed or reflected below may result in a higher criminal history category:**

| Date | Charge | Disposition | Guideline | Score |
| --- | --- | --- | --- | --- |

| Date | Offense | Sentence | Guideline | Points |
|---|---|---|---|---|
| 3.25.91 91-TR-138D | Uninsured Vehicle | 60 days jail, Fine | 4A1.1(b) | 2 |
| 1.14.97 96-TR-21D | DUI | 60 days jail, Fine | 4A1.1(b) | 2 |
| 6.5.97 | Uninsured Vehicle | 12 months Supervision | 4A1.1(c) | 1 |
| | | | TOTAL | 5 |

<u>Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea.</u>

8.  Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and has either timely provided complete information to the Government concerning his own involvement in the offense or timely notified authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, or both. Therefore, **the Government will recommend a reduction of three levels from the Offense Level determined by the Court to apply.**

9.  The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

10. Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the

sole discretion of the United States Attorney, file either a motion under §5K1.1 of the Sentencing Guidelines or a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Motion, if any, will only be filed if the assistance rendered by the Defendant is found to be complete and thoroughly truthful, regardless of the outcome of any trial or hearing at which the Defendant may testify. However, the Defendant has been informed that, in general, the United States Attorney will recommend no more than one-third off of the lowest end of the Sentencing Guideline range ultimately determined by the Court. The Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court.

11. The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

III.

No matters are in dispute.

W. CHARLES GRACE
United States Attorney

_Vernon Henry_
VERNON HENRY
Defendant

_James Sterns_
James Sterns
Attorney for Defendant

Date: 11/6/01

_James M. Cutchin_
James M. Cutchin
Assistant United States Attorney

Date: 11/02/01