UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VERNON HENRY,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 03-cv-4024-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Vernon Henry's ("Henry") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), an amendment to that motion (Doc. 3) and a supporting brief (Doc. 7). The government responded to Henry's filings (Doc. 10).

**I.**  **Background**

In August 2000, Henry was indicted on one count of conspiring to distribute 50 grams of more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846.

Represented by James Stern ("Stern"), Henry proffered information to government agents, then pled guilty pursuant to a written plea agreement in November 2001. During the plea colloquy, the Court confirmed that Henry had discussed the indictment and the case in general with Stern and that Henry was satisfied with Stern's representation. The Court also reviewed the charge against Henry, who assured the Court that he understood it and had no questions about it. The Court also warned him of the statutory penalties, including a sentence of imprisonment of ten years to life, that could be imposed upon a guilty plea. The Court advised Henry of his rights and verified that he had signed the plea agreement after reviewing it with Stern and that he understood that he was waiving his right to collaterally attack his sentence. Henry then agreed that he was a runner for the charged drug conspiracy where he would obtain crack cocaine customers for the conspiracy and be compensated in crack cocaine for that and other work. He also agreed orally and in a written stipulation of facts that

he had been advised of his rights orally and in writing before making a self-incriminating statement to law enforcement officers.  Stipulation, ¶ 2.  Henry twice confirmed that no threats or other promises had been made to him to induce him to plead guilty and that he was pleading guilty as his own free and voluntary act.  The Court then accepted his guilty plea.

Henry's written plea agreement contained a provision stating that Henry understood the nature of the charges and his right to persist in his plea of not guilty.  Plea Agreement, Part I, ¶ 9.  There were also provisions in which Henry agreed that his relevant conduct was between 500 grams and 1.5 kilograms of crack cocaine based on total amounts of crack cocaine distributed by coconspirators that were foreseeable to him, Plea Agreement, Part II, ¶ 3, and that he was entitled to a reduction in his offense level because he was a minor participant under United States Sentencing Guidelines Manual ("U.S.S.G.") 3B1.2(b), Plea Agreement, Part II, ¶ 5.  The plea agreement also contained the following provision:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  *The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.*

Plea Agreement, Part II, ¶ 11 (emphasis added).

On February 7, 2002, the Court held a sentencing hearing.[1]  At sentencing, neither Henry nor the government objected to the Presentence Investigation Report ("PSR"), which found that Henry's relevant conduct was between 500 grams and 1.5 kilograms of crack cocaine, the category

---

[1] Henry's sentencing occurred before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  Henry does not raise a *Blakely/Booker* challenge in this § 2255 motion.

contemplated by the plea agreement.  Therefore, the Court found that Henry's base offense level was 36 pursuant to U.S.S.G. § 1D1.1.[2]  The Court reduced the offense level by two levels under U.S.S.G. § 3B1.2(b) because Henry was a minor participant in the charged conspiracy and by three levels under U.S.S.G. § 3E1.1(a) & (b) because he accepted responsibility for his crime, yielding a total offense level of 31.  Considering his criminal history category of III, this yielded a sentencing range of 135 to 168 months.  The Court sentenced Henry to serve 135 months in prison.  Judgment was entered on February 8, 2002, and an amended judgment was entered on February 13, 2002.  At no time during the sentencing hearing did Henry ask to withdraw his plea of guilty, and he did not appeal his conviction.

     Henry filed this timely § 2255 motion on February 7, 2003.  In it, Henry asks the Court to vacate his conviction and sentence on a variety of grounds:  (1) that Stern was ineffective for (a) failing to explain the charge to him before his guilty plea, (b) failing to ask the Court to allow him to withdraw his guilty plea and (c) failing to bargain with the government for the terms of the plea, all in violation of the Sixth Amendment, (2) that his conviction was illegal because it was the product of an illegal arrest and a coerced confession in violation of the Forth and Fifth Amendments and that Stern was ineffective for failing to move to suppress it in violation of the Sixth Amendment, (3) that his plea was not knowing and voluntary due to Stern's failure to explain the law and the facts to him in violation of his Fifth Amendment, (4) that Stern was ineffective in failing to object to the calculation of relevant conduct in the PSR in violation of the Sixth Amendment, (5) that Stern was ineffective in his advice during Henry's proffer and that, absent the improper proffer, there was no factual basis for a conviction for possession of crack cocaine with intent to distribute it, and (6) that he was entitled to a three-level reduction in his offense level for being a minimal participant rather than only a two-level reduction for being a minor participant.

---

[2]The Court used the 2001 version of the U.S.S.G. to sentence Henry.

On July 18, 2003, Henry filed an amendment to his petition alleging additional grounds to vacate his sentence: (7) that there was no evidence that Henry took drug customers to his codefendants to purchase drugs, and (8) that he is retroactively entitled to the benefit of Amendment 640 to U.S.S.G. § 2D1.1, which became effective in November 2002 and provides that the maximum base offense level for a minor or minimal participant in a conspiracy is 30.

In its response, the government argues that Henry waived his claims as they relate to his sentence and the manner of calculating it, procedurally defaulted on other claims by failing to raise them on direct appeal, and is not entitled to relief in any case. The government did not argue that Henry's amendment is untimely under *Mayle v. Felix*, 125 S. Ct. 2562 (2005). Therefore, any such timeliness argument is waived.

**II.     § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

**III.    Analysis**

The Court finds that Henry has not presented any evidence or argument meriting either a hearing or relief under § 2255. The Court will first will address the issue of waiver and procedural

default, then will address each ground separately to the extent that it is not resolved by the waiver and default discussions.

    A.    <u>Waiver</u>

As set forth in his plea agreement, Henry has waived his right to file a § 2255 petition challenging his sentence or the manner in which it was determined. A waiver of the right to file a § 2255 petition will be effective if it is knowing and voluntary and if the defendant cannot establish ineffective assistance of counsel in negotiating the agreement. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Where a defendant has knowingly and voluntarily waived the right to file a § 2255 petition, the grounds on which he can file a § 2255 motion must relate to claims regarding the negotiation of the agreement or on grounds not covered by the waiver. *Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145; *see Bridgeman v. United States*, 229 F.3d 589, 591-92 (7th Cir. 2000). The Court must carefully examine a waiver and limit it to its terms. *Bridgeman*, 229 F.3d at 591-92. A waiver that covers collateral attacks on a sentence cannot be deemed also to cover collateral attacks of the conviction itself outside of sentencing issues. *Id.*

In this case, Henry agreed to waive the right to bring a collateral attack challenging his "sentence or the manner in which it was determined." Plea Agreement, Part II, ¶ 11. He has not alleged that his specific agreement to the waiver was in any way not knowing and voluntary or that Stern was in any way ineffective in negotiating that waiver. In addition, as discussed later in this order, Henry cannot establish that his plea agreement as a whole was the product of ineffective assistance of counsel or was not knowing and voluntary. Furthermore, the Court observed during the entire plea hearing that Henry's demeanor did not indicate any confusion or coercion with respect to the waiver provision or any other provision of the plea agreement. Based on the plea agreement and the plea

5

colloquy, the Court finds that Henry's waiver was knowing and voluntary and that he received effective assistance of counsel in connection with it. It will therefore hold him to it.

Because Henry's waiver was knowing and voluntary and because he received effective assistance of counsel relating to the negotiation of the waiver in particular, he has waived his right to file this § 2255 petition challenging his sentence or the manner in which it was determined. *See Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145. Accordingly, the Court will deny relief on grounds 4, 5, 6 and 8 to the extent that they attack Henry's sentence.

    B.    <u>Procedural Default</u>

Henry has also procedurally defaulted some of his claims because he failed to raise them on a direct appeal. A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996.) A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

As for his non-constitutional issues – those asserted in grounds 6, 7 and 8 and parts of 4 and 5 – Henry cannot raise those issues in a § 2255 motion regardless of cause and prejudice. *Lanier*, 220 F.3d at 842.

As for Henry's constitutional issues – those asserted in grounds 1, 2, 3 and parts of 4 and 5 – Henry has not even attempted to show cause or prejudice for failing to raise those claims on direct appeal to the extent that they do not rely on allegations of ineffective assistance of counsel or that he

will suffer a miscarriage of justice if the Court does not hear them now. Therefore, he has procedurally defaulted on his constitutional claims that do not rely on ineffective assistance of counsel. *Massaro*, 538 U.S. at 504; *Wainwright*, 433 U.S. at 87; *Fountain*, 211 F.3d at 433; *Prewitt*, 83 F.3d at 816. For these reasons, the Court rejects those claims as a basis for § 2255 relief.

As for Henry's ineffective assistance of counsel arguments in grounds 1, 2, 3 and parts of 4 and 5, he has not procedurally defaulted those claims. The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred is in the best position to initially make the determination about the effectiveness of counsel in a particular case and the potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. The Court will now review those claims.

      C.      <u>Ineffective Assistance of Counsel</u>

The only claims Henry has not waived or defaulted rely on allegations that Stern was constitutionally ineffective in violation of Henry's Sixth Amendment right to assistance of counsel. However, Henry has not alleged anything that amounts to constitutionally ineffective assistance of counsel. The Sixth Amendment to the Constitution states, in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2)

that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Fountain*, 211 F.3d at 434. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434.

    1.    <u>Grounds 1 and 3</u>

Henry claims that Stern was constitutionally ineffective because he failed to explain the charge to Henry before his guilty plea, failed to ask the Court to allow Henry to withdraw his guilty plea and failed to bargain with the government for the terms of the plea.

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice

8

leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *Hays v. United States*, 397 F.3d 564, 568 (7th Cir.), *cert. denied*, 126 S. Ct. 422 (2005); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)).

      Henry cannot show that Stern's performance was deficient or that he was prejudiced from any deficiency. With respect to his explanation of the criminal charge prior to the plea, Henry acknowledged at the plea hearing that Stern had explained the charge to him and that he had no questions about it. In the written plea agreement, he also agreed that he understood the nature of the charge against him, Plea Agreement, Part I, ¶ 9, and the amount of and basis for his relevant conduct, Plea Agreement Part II, ¶ 3. Furthermore, in the written stipulation of facts and in his response to the factual basis stated at the plea colloquy, Henry acknowledged that he understood the facts upon which his conviction would be based, including his role in the conspiracy and the amount of his anticipated relevant conduct. "Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are . . . entitled to 'a presumption of verity.'" *United States v. Loutos* 383 F.3d 615, 619 (7th Cir. 2004) (citing *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000)). Henry now states in a vague, conlcusory way that Stern failed to explain the charges to him, but he

never states what aspect of the charge he did not understand. Henry's vague, self-serving, contradictory statement at this stage is not enough to establish deficient performance by Stern.

Furthermore, Henry cannot establish prejudice for two reasons. First, any misinformation Stern may have conveyed to Henry about the charge was cured by the Court's Rule 11 colloquy with Henry before taking his guilty plea. The Court reviewed the charge with Henry and confirmed that he understood it as well as the possible penalties he was facing and the magnitude of the relevant conduct and the sentencing guideline range that he and the government expected the Court to find. Based on the totality of the circumstances at the plea colloquy, including but not limited to Henry's demeanor and his answers to the Court's questions, the Court found that Henry had knowingly and voluntarily pled guilty. Any deficiency on Stern's part was cured by the Court's accurate advice and warnings.

More importantly, Henry has failed to allege any objective evidence showing that he would not have entered a guilty plea – or would have withdrawn his guilty plea – and would have gone to trial had he been properly advised. Indeed, in light of the Court's colloquy, it appears that even being fully and accurately advised of the charge and its consequences, Henry was still willing to go forward with his guilty plea. Furthermore, that he made no mention of withdrawing his plea at the sentencing hearing is evidence that, even after reviewing the PSR, Henry did not want to withdraw his plea. Finally, even if Stern had asked the Court to allow Henry to withdraw his plea, Henry has not alleged anything that Stern could have argued that would have had a reasonable probability of convincing the Court to allow such a withdrawal. It is the defendant's burden to demonstrate a fair and just reason to allow withdrawal of a guilty plea. *United States v. Schilling*, 142 F.3d 388, 398 (7th Cir. 1998). Henry's unsupported, conclusory claim that his plea was not knowing and voluntary is belied by his statements at the plea hearing and in his plea agreement and is insufficient to demonstrate that the

Court should have allowed him to withdraw his guilty plea. *See United States v. Suggs*, 374 F.3d 508, 520 (7th Cir. 2004), *cert. denied*, 543 U.S. 1079 (2005).

As for Henry's complaint that Stern failed to sufficiently plea bargain with the government, he has pointed to nothing Stern had in his arsenal of chips with which to bargain that he did not use. Stern has submitted a letter stating that he was satisfied with the bargain he was able to obtain because it contained a low-end sentencing range recommendation, offense level reductions for a mitigating role and acceptance of responsibility and the possibility of a Rule 35 motion for a sentence reduction. In light of the fact the government had what appeared to be a confession from Henry and statements from five other witnesses against Henry, in his professional opinion it was a favorable plea deal. Furthermore, the government has represented that the arrangement was its standard plea agreement; Henry has come forward with nothing Stern could have used that would have created a reasonable probability that Stern could have obtained more favorable terms for Henry. The Court further notes that Henry was free to reject the supposedly inadequate plea deal and go to trial, but he did not do so. There is simply no basis for finding that Stern was deficient in his negotiation of the plea agreement or that Henry suffered any prejudice from Stern's performance.

    2.    <u>Ground 2</u>

Henry claims that Stern was constitutionally ineffective because he failed to move to suppress Henry's confession on the basis that it was coerced and the product of an illegal arrest. Specifically, he claims that he was arrested without probable cause and that he was not advised of his *Miranda* rights before giving a statement.

Again, the Court finds that Stern was not deficient in this aspect of the case. Stern has submitted a letter setting forth a legitimate reason for not filing a motion to suppress. He states that he contemplated filing a motion to suppress the confession but that in his professional opinion the risks

11

outweighed the benefits.  Specifically, Henry had no witnesses to the incident other than himself so his case would be weak, and Henry would risk losing his plea deal and garnering a sentence enhancement for obstruction of justice if the Court did not believe his testimony.  Stern says he discussed the risks with Henry, who decided not to proceed with the motion.  Henry has alleged nothing to the contrary or to otherwise reveal Stern's performance and judgment as outside the realm of professionally competent counsel.

The Court further notes that Henry admitted in the stipulation of facts that he had been advised of his *Miranda* rights before speaking to law enforcement officers and that there is a written waiver of those rights.  Thus, he has not shown any prejudice from Stern's failure to pursue the motion to suppress on Fifth Amendment grounds.

       3.    <u>Ground 4</u>

Henry faults Stern for failing to object to the calculation of relevant conduct in the PSR.  Stern was not deficient in this respect, and Henry suffered no prejudice from Stern's performance.  Henry has asserted no reason why Stern should have objected to the PSR's determination of relevant conduct.  The PSR contained a relevant conduct calculation consistent with the calculation anticipated by the plea agreement and admitted by Henry both orally and in writing, and although Henry may have expressed displeasure with that amount orally to Stern, he raised no such objections at the sentencing hearing when given an opportunity.  Furthermore, based on the rules for calculating relevant conduct, the Court was right to hold Henry responsible for reasonably foreseeable drug amounts that his conspirators dealt but with which Henry was not directly involved.  Stern's failure to object to the relevant conduct calculations on the grounds that Henry was not personally involved with all the drugs was not deficient performance but was the proper exercise of professional judgment.  Defense counsel

is not deficient for failing to make a frivolous argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir.), *cert. denied*, 126 S. Ct. 238 (2005).

Finally, Henry has pointed to no evidence or non-frivolous argument that Stern could have used but did not use that would have had a reasonable probability of convincing the Court to discredit the statements upon which the Court based its relevant conduct finding or to make a lower relevant conduct finding. If Henry cannot specify what such evidence or argument Stern should have but did not present, he cannot prevail in this part of his § 2255 motion. *See Fuller*, 398 F.3d at 652; *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003), *cert. denied*, 541 U.S. 1055 (2004). For these reasons, the Court finds that Henry has not alleged anything showing that Stern was constitutionally ineffective because he failed to object to the calculation of Henry's relevant conduct.

    4.    <u>Ground 5</u>

Henry argues that Stern was constitutionally deficient because he provided insufficient advice in connection with Henry's proffer with government agents, namely, that Stern failed to advise him that his proffer statements would be used against him. Henry believes that in the absence of his proffer there was no factual basis to convict Henry of possession of crack cocaine with intent to distribute it. This argument has no merit because Henry was never charged or convicted with possession of crack cocaine. He was charged only with *conspiracy* to distribute and to possess with intent to distribute crack cocaine. Henry's conspiracy conviction and sentence were based on his own admissions in a pre-indictment interview, at the plea hearing and in the written stipulation of facts and on coconspirators' statements regarding drug amounts, not on statements Henry gave at his proffer. This argument provides no basis for relief under § 2255.

Because Henry cannot establish either prong of the *Strickland* test with respect to Stern's performance, he is not entitled to § 2255 relief based on ineffective assistance of counsel.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Henry's § 2255 motion and its amendment (Doc. 1 & 3) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 26, 2006**

>  s/ J. Phil Gilbert
>  **J. PHIL GILBERT**
>  **DISTRICT JUDGE**